**James A. YOUNGLOVE, Petitioner,**

v.

**UNITED STATES of America and Chris Phaneuf, Revenue Agent of The Internal Revenue Service, Respondents.**

**Civ. A. No. 83CV–6402–AA.**

United States District Court,
E.D. Michigan, S.D.

March 16, 1984.

---

James A. Younglove, pro se.

Charles H. Fash, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., John A. Smietanka, U.S. Atty., Detroit, Mich., for respondents.

## ORDER

JOINER, District Judge.

This matter is before the Court on the respondent's motion to dismiss the petition to quash an IRS summons. The motion has been considered on the papers filed and without oral argument pursuant to Fed.R. Civ.P. 78 and Local Rule 17(j).

The taxpayer in this case seeks to quash two summons issued to his union, Board of Trustees, Plumbers and Pipefitters, Local 671. The taxpayer did not receive formal notice of the summons because the IRS determined that the union was not a third-party recordkeeper under the statute.

Under the statute, the taxpayer may file a petition to quash an IRS summons issued to a third-party recordkeeper within 20 days of the notice of such summons. 26 U.S.C. § 7609. The procedure only applies when the summons is issued to a third-party recordkeeper.

Subsection (a)(3) defines the term "third-party recordkeeper" by listing various entities and persons to which it was intended to apply. An employee union is not mentioned and it is not of the same character as the entities which are mentioned. Furthermore, subsection (a)(4) specifically excludes from the operation of section 7609 any summons which is issued to the taxpayer or officers or employees of the taxpayer or any summons which is issued to "determine whether or not records of the business transactions or the affairs of an identified person have been made or kept."

The union in the present case does not fall within the definition of a "third-party recordkeeper" in subsection (a)(3) and the summons issued in this case is specifically excluded from the operation of 7609 by subsection (a)(4).

THEREFORE, the respondent's motion to dismiss is GRANTED. The request for fees and costs is DENIED.

SO ORDERED.